BOARD OF EDUCATION OF SEVIER SCHOOL DIST. v.
BOARD OF EDUCATION OF PIUTE SCHOOL DIST.

No. 5435.   Decided December 27, 1934.   (39 P. [2d] 340.)

*Carvel Mattsson,* of Richfield, for appellant.

*G. R. Beebe,* of Junction, for respondent.

STRAUP, Chief Justice.

The Board of Education of the Sevier School District brought this action against the Board of Education of the Piute School District, wherein it is alleged by the plaintiff that the boundary line between the two counties was uncertain, and hence it was uncertain whether the town or precinct of Koosharem was in the one county or in the other; that because of such uncertainty, an agreement was entered into between the respective boards of education that for the years 1923 and 1924, the Koosharem school should be operated jointly by the two boards, the general supervision, maintenance, and administration of the school to be handled by the Sevier School District and the expenses thereof to be borne jointly by the two boards of education in proportion of the school population in each county, which agreement was extended for the years 1925 and 1926; that the Board of the Sevier School District for the years 1925 and 1926 furnished an accounting of such expenses to the Board of the Piute School District and the proportion thereof to be paid by the Piute School District to the Sevier School District. It is further alleged that in accordance with such contract, the Board of the Sevier School District managed and supervised the schools of Koosharem, paid the costs and expenses thereof, sent monthly reports to the Board of the Piute School District showing the proportion of expenses due from it; but that it refused to pay the same for the years 1925 and 1926, amounting to $1,905.22, which amount the Sevier School Board sought to recover from the Piute School Board.

The Piute School District filed a general demurrer to the complaint which was overruled. It then answered denying the material allegations of the complaint (mostly for want

of information and belief) and especially denying that the town of Koosharem was partly in one county and partly in another, and alleged that the town and its school population were wholly in Sevier county and as shown by a survey had and marked on the ground in 1899 and 1900 by surveyors of both counties and since then acknowledged and acquiesced in as the true boundary line; and hence it was the legal duty of the Board of the Sevier School District to defray all of the expenses for the maintenance of the school of such town or precinct.

The defendant further alleged that it paid the Board of Sevier School District for the years 1923 and 1924 $1,309.21 as and for its proportion of the maintenance of the school of Koosharem, and by counterclaim sought to recover it back.

The cause was tried to the court without a jury. The court found the agreement entered into between the two boards as alleged in the complaint. It further found that in the years 1899 and 1900 the surveyors of both counties surveyed the land between the two counties for the purpose of establishing a boundary line thereof, and that the boundary line as so established and marked on the ground included the whole of the town or precinct of Koosharem and its school population within the Sevier School District, and as such ever since was acknowledged as the true boundary line between the two counties; and for the purpose of settling any dispute as to the boundary line between the counties, an action was brought in the district court of the Sixth judicial district, which in June, 1926, resulted in a decree adjudging that the whole of the town of Koosharem and its school population were in the county of Sevier.

The court further found that the agreement entered into between the two boards of education, as alleged and set forth in the complaint of plaintiff, was void and of no effect; that the boards had no power or authority in law to enter into such an agreement. The court thus on plaintiff's cause of action rendered judgment in favor of the de-

fendant, the Board of Education of the Piute School District, and dismissed the complaint. On the counterclaim the court rendered judgment in favor of the plaintiff and dismissed the counterclaim.

The Board of Education of the Sevier School District appeals. The Board of the Piute School District does not appeal nor make any cross-assignments of error. Thus the ruling dismissing the counterclaim is not before us.

Hence the only matter for review involves the dismissal of the complaint. The plaintiff contends that on the facts found, especially the making of the agreement as alleged in the complaint, it was entitled to judgment as prayed for by its complaint. To support that it refers to and cites rather comprehensive and valuable notes and annotations to the case of *Dolvin* v. *Am. Harrow Co.*, 125 Ga. 699, 54 S. E. 706, as reported in 28 L. R. A. (N. S.) 785. Such references do not help the plaintiff. The scope of the annotations is confined to the subject of mistakes of law as to the effect of instruments and contracts and when and under what circumstances courts of equity in such case will or will not grant relief. The case here does not fall within such principles. It more applicably falls within the class of cases of mutual mistake of fact. That is, as appears on the face of the alleged agreement, a mutual mistake as to an uncertainty of the true boundary line between the two counties and an uncertainty as to whether the town or precinct of Koosharem was wholly within the one county or the other or partly in the one and partly in the other. That, so far as involved in the case, is not dependent upon any question of law but wholly upon one of fact as to the location of the town or precinct of Koosharem. The case, as we think, falls within the principle stated in *Toland* v. *Corey*, 6 Utah 392, 24 P. 190, that the rule that equity will not interfere to cancel a contract made through mistake of law applies to a mistake as to the general law, not to a case where a party is mistaken as to the effect of *existing circumstances* in rela-

tion to his private rights. So, too, in 13 C. J. 379, the author says that it is laid down in general language in many cases that a mistake, in order that it may affect a contract, must be a mistake of fact, and that a mere mistake of law will not affect the enforceability of an agreement, and that a mistake of law is where the person knows the facts of the case but is ignorant of the legal consequences. On page 377 the author further says that where certain facts assumed by both parties are the basis of a contract, and it subsequently appears that such facts did not exist, there is no agreement, and thus where parties agree in regard to a thing which, unknown to both parties, does not exist at the time, there is no contract, for there is no subject-matter; and so also where parties contract under a mutual belief that a right exists which in fact does not exist, there is no agreement. On page 369 the author further says that a mistake of fact takes place when some material fact which really exists is unknown or when some essential fact which is supposed to exist really does not exist. And, again, on page 375, that a mutual mistake as to material facts will avoid the agreement. Cases are there cited supporting and illustrating the texts.

Here, as appears on the face of the alleged agreement, both school boards by mutual mistake assumed there was an uncertainty as to the location of the town or precinct of Koosharem. What the different members of the two boards, when the agreement was entered into, may have assumed in such respect, the fact is and was, as alleged in the answer of the Piute School District and as found by the court, that by a survey in 1899 and in 1900 made by the surveyors of both counties, the true boundary line as so established and marked on the ground put the town or precinct of Koosharem and its school population wholly within the Sevier School District. That survey was acknowledged and ever since acquiesced in, and so far as made to appear was not questioned until 1923, when the then members of the school board assumed there was some

uncertainty which did not exist as to the true boundary line. The members of the two boards who entered into the agreement may have been ignorant of such survey and of the establishment of such boundary line. Whether they were or not, their assumption of uncertainty had no existence in fact. In June, 1926, by decree of court the boundary line was settled and established in accordance with the survey. The legal duty and obligation at all times thus rested on the Sevier School District to maintain the schools of the town or precinct of Koosharem. Notwithstanding that, it now, because of an unfounded and nonexisting uncertainty, a mutual mistake of fact, not of law, seeks to enforce the contract or agreement against the Piute School District which is still executory on behalf of the latter. The lower court refused to enforce the agreement on the ground of want of power and of legal authority of the boards to enter into such an agreement. Much may be said in support of that, but in affirming the ruling we need not and do not go that far. We prefer to put the affirmance on rules and principles of equity as shown by the authorities referred to and under which relief should be granted against the enforcement of the agreement as alleged in the complaint and as found by the court.

Thus, let the judgment of the court below be affirmed, with costs to the respondent. Such is the order.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.